CHARLEY PETTIGREW v. THE STATE.

No. 4005. Decided March 29, 1916.

1.—Occupation—Intoxicating Liquors—Statement of Facts—Bills of Exception.

Where the term of court at which defendant was tried lasted more than eight weeks, and the statement of facts and bills of exception were not filed

within ninety days after the motion for new trial was overruled and sentence pronounced, they must be stricken from the record.

**2.—Same—Indictment—Exceptions—Pleading.**

Upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, it was not necessary to negative the exceptions contained in the statute. Following Slack v. State, 61 Texas Crim. Rep., 372.

**3.—Same—Bills of Exception.**

The bills of exception were not filed within time, yet if they had been they showed no reversible error.

Appeal from the District Court of Tarrant. Tried below before the Hon. R. B. Young.

· Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in prohibition territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of sufficiency of the indictment: Mizell v. State, 59 Texas Crim. Rep., 226.

· HARPER, JUDGE.—Appellant was convicted of pursuing the occupation of selling intoxicating liquors in prohibition territory.

The term of court at which he was tried lasted more than eight weeks—the term covering a period of three months. The motion for a new trial was overruled November 19, 1915, and sentence pronounced on appellant that day. The statement of facts was not filed in the trial court until February 24, 1916, more than ninety days after the motion for a new trial was overruled and sentence pronounced, and, therefore, not filed within the time authorized by law. The motion of the Assistant Attorney General to strike it from the record is, therefore, sustained.

The bills of exception were not filed until one day later, or February 25, 1916, and the motion to strike them from the record must also be sustained.

The contention is again made that the indictment is insufficient, because it does not negative the exceptions contained in the statutes. This question was thoroughly discussed in Slack v. State, 61 Texas Crim. Rep., 372, and we do not deem it necessary to again review the authorities. There was no error in overruling the motion to quash the indictment.

While the bills of exception have been stricken out on the motion of the Assistant Attorney General, yet we have read each of them, and they, nor either of them, would present error had they been filed within the time fixed by law.

The judgment is affirmed.                          *Affirmed.*